No. 6698.

STATE EX REL. J. LARIEUX ET AL. VS. THE JUDGE OF THE FIFTH DISTRICT COURT.

This court will not issue a writ of prohibition to a lower court forbidding it to proceed in a case before it, of which it has not jurisdiction, until a plea to its jurisdiction has been filed in the lower court, and overruled by it.

APPLICATION for a writ of prohibition.

*E. K. Washington,* for relator.

*Robt. Mott,* for respondent.

The opinion of the court was delivered by

DEBLANC, J. On the twelfth of June 1877, the Crescent City, Live Stock, Landing and Slaughterhouse Company filed, in the Superior District Court, a suit against John Larieux, one of the relators. In that suit, which was transferred to the Third District Court of this city, the company prays that said Larieux be enjoined from yarding, stabling and slaughtering, within the parish of Orleans, St. Bernard and Jefferson, except in its buildings, on its premises and at its abattoirs, any animals destined for human food.

On the third of July 1877, the injunction thus applied for was refused by the judge of the Third District Court, and, from the decree denying and rejecting its application, the company appealed. That appeal is now pending in the Supreme Court. On the 9th of July, six days after-

the judge's refusal to grant the aforesaid injunction, the company applied to the judge of the Fifth District Court, for an injunction against the said Larieux, which, in substance, is almost identical to that refused by the Third District Court. The manifest object of both is to compel the relators and every butcher, within the limits of the three aforesaid parishes, to pursue their occupation at the place designated by the company's charter.

On the eleventh of July, Larieux appeared in the Fifth District Court, and, through his counsel, moved that the order of injunction granted by said court be revoked and rescinded, on the ground that it was allowed in violation of an act of the Legislature, which provides: "That whenever a suit or judicial proceeding is instituted in any of the courts of the parish of Orleans, in this State, when such court has jurisdiction, all parties to such suits shall be confined exclusively to such court for the trial of all issues or matters that may arise in the course of such litigation, or out of the judgment rendered in such litigation; and no other judge shall have jurisdiction to grant orders of injunction, sequestration, provisional seizure, arrest, prohibition, *quo warranto*, or any other order by which the proceedings in such litigation or judgment rendered thereon, or the property in litigation, or persons of the parties in litigation, shall be stayed or in any manner interfered with or interrupted etc. That no provision in this section shall apply to the Supreme Court or the judges thereof."

The second section of said act provides "that whenever any judge shall grant any order in contravention or in violation of its first section, and the same shall be brought to his knowledge *ex parte* or otherwise, he shall forthwith revoke and annul such order, either in chambers or open court, and cause the officer in charge of the execution of such writ to be notified of such revocation, whose duty it shall be to return such writ at once; and if any judge, who has granted any such orders, and to whom knowledge has been brought that it is in violation of the first aforesaid section, and he fails or refuses to grant an order annulling it, as directed, and it shall be necessary, by writ of prohibition or appeal in such cases, or resorting to any legal remedy to compel him to issue such order, and he is directed to annul the same, as is required by the first section of said act, such judge shall be fined in the sum of two thousand five hundred dollars," etc. Act No. 86 of 1870.

The motion made to revoke and rescind the order obtained from the judge of the Fifth District Court was tried, argued and taken under advisement. Immediately after, and before the decision of his own motion, Larieux applied for a writ of prohibition commanding the aforesaid judge to take no further action in the case. His application is premature:

According to High, " the common-law rule is believed to be generally applicable in this country, and the writ will not go to a subordinate tribunal in a cause, arising out of its jurisdiction until the want of jurisdiction has first been pleaded in the court below and the plea refused; and where there has been no effort made to obtain relief in the court which it is sought to prohibit, the superior courts will refuse to exercise their jurisdiction by this extraordinary remedy. For example, where an injunction has been obtained in direct violation of statute, and without any jurisdiction on the part of the court, prohibition will not be granted to prevent the court from proceeding with the injunction suit, where no application has been made to dissolve the injunction." High, Extraordinary Legal Remedies, p. 558-9, No. 773.

There is no doubt that but one tribunal, the Third District Court of this city, could legally have entertained jurisdiction of the controversy pending between Larieux and the company, and that said controversy has passed from the lower to the appellate court. Were it not that his decision has been suspended by the provisional writ of prohibition, the judge of the Fifth District Court would have, we presume, already complied with the imperative mandate of an imperative law and sustained the plea to his jurisdiction. Be this, as it may, until now the parties alone, plaintiff and defendant, have proceeded in this cause, the first in asking the injunction, the other in asking the dissolution of the injunction. The judge has not yet acted, and until he does and evinces a determination to encroach upon and usurp the jurisdiction of the other tribunal, there shall be no cause to interpose our authority.

The rule is, therefore, discharged at relator's costs.