*Court of Appeals, Fifth Circuit, Parish of Jefferson.*

STATE OF LOUISIANA *ex rel.* GEORGE PFLUG *v.* F. GARDERE, Justice of the Peace, *et als.*

1.  Where, by plaintiff's pleading, it appears that an inferior court has jurisdiction of the controversy ; that court will not be prohibited from pro-.

15

---

* The opinion on the merits, in this case, omitted here, by inadvertence, will be found at page 293.

ceeding, upon the simple averment of the defendant, that the amount, or matter involved is beyond the jurisdiction of such court.

2. A defendant, claiming that the inferior court is without jurisdiction, must file the proper exception and provoke a determination of that particular issue in the inferior court itself, before he can apply to one of superior authority for a writ of prohibition.

3. If the cause be appealable, the remedy of such a defendant, on being cast upon such an exception, is by appeal to the superior court.

4. In a proceeding to oust a tenant, under provisions of Sections 2155 and 2156, Revised Statutes of Louisiana, the jurisdiction of the justice of the peace is determined by the allegations of the plaintiff, unless the contrary is made to appear by proof.

5. Where the District Court has not original jurisdiction over a contro-versy, and the writ is not necessary to aid it in the exercise of its appellate powers, it is without authority to issue the writ of prohibition.

*Appeal from the Twenty-sixth Judicial District Court, Parish of Jefferson. Hahn, Judge.*

*Alfred Shaw* and *R. G. Harris* for relator.

*Jas. D. Sequin* and *Francis B. Lee* for respondents, appellants.

BLAKE, J.—Louisa Destrehan, authorized and assisted by her husband, Jos. H. Harvy, instituted before Rivière Gardère, First Justice of the Peace of Jefferson parish, proceedings under sections 2155 and 2156 of the Revised Statutes, to eject George Pflüg from certain premises which she alleges she leased him by the month, at forty-five dollars.

George Pflüg, in his pleadings, sets up that he leased the premises from which he is sought to be ejected, from the husband of plaintiff, J. H. Harvy, by the year, at five hundred and forty dollars, and that said justice was without jurisdiction, and which plea he urged specially.

Two days after having pleaded to the jurisdiction of the justice, and while said plea was still pending and undetermined, the said Pflüg applied to the Judge of the Twenty-sixth Judicial District Court, and upon his sworn averment, that he was a tenant by the year, and had so pleaded before said justice, whose jurisdiction he had declined, nevertheless, he feared that said justice would arrogate to himself jurisdiction and

proceed to adjudicate upon the ejectment suit then pending before him, and which was beyond his competency, the District Judge ordered a writ of prohibition to issue to said justice, enjoining him from proceeding any further in the ejectment suit (save it be to dismiss the same) till further orders from his court.

In answer to the mandate of prohibition, Justice Gardère asserted his right of jurisdiction in the premises, and Mrs. Destrehan denied the right of the District Court to assume original jurisdiction in a matter pending before a justice of the peace.

It seems that the proceedings before the justice were made part and parcel of the petition of relator, in his application for a writ of prohibition.

On trial, the District Judge held that, inasmuch as the relator sets up a yearly lease, exceeding one hundred dollars, the justice of the peace was without jurisdiction *ratione materiæ*, holding that the question of jurisdiction as to the amount in dispute, must depend on the allegation of defendant's answer, which, though contrary to the general rules of practice in other cases, is sanctioned by article 2156 of the Revised Statutes.

The prohibition having been made perpetual, this appeal was taken.

From mere inspection of the record, there can be no doubt that Justice Gardère was seized with jurisdiction, both as to the character of the action and the amount of the demand.

The relator, having pleaded to the jurisdiction of the justice of the peace, should have awaited the result of his decision on that plea, and if prejudiced thereby, his remedy was by appeal to the District Court. To sanction his proceeding otherwise, and, as in the present instance, amounts to a virtual ouster of the jurisdiction of an inferior court, to determine issues properly before it.

The District Judge was without authority to issue the writ of prohibition in this case. It was not necessary to aid him in

the exercise of his appellate jurisdiction, and he had no original jurisdiction in the cause. 14 La. An. 459; 21 La. An. 381; 24 La. An. 459.

The allegation before the justice shows a *prima facie* case of jurisdiction, and it has been decided that a writ of prohibition will not issue on the application of the defendant, that the Court is without jurisdiction. 20 La. An. 239.

The writ of prohibition issues only to a court which takes cognizance of a cause which does not belong to it, or which it is incompetent to decide. La. C. P. 846; 14 La. An. 509.

The rule of the common law, according to "High Extraordinary Legal Remedies, pp. 558-9, No. 773," has been sanctioned by the highest tribunal of our State (29 La. Ann. 806), as applicable to this country, which declares "that the writ will not go to a subordinate tribunal, in a cause arising out of its jurisdiction, until the want of jurisdiction has been first pleaded in the court below, and the plea refused; and where there has been no effort made to obtain relief in the court which it is sought to prohibit, the superior courts will refuse to exercise their jurisdiction by this extraordinary remedy."

We consider the judgment of the District Court a nullity.

It is ordered, that the judgment appealed from be avoided, and that relator pay costs of both courts.