## STATE EX REL. THE FIRST NATIONAL BANK OF LARAMIE v. THE DISTRICT COURT OF ALBANY COUNTY ET AL.

PROHIBITION—FAILURE TO PRESENT OBJECTION TO THE LOWER COURT.

1. A writ of prohibition will not be granted until the objection of want of jurisdiction has been presented and overruled in the court below against whom the writ is sought, for it is invariably presumed that the court will give to the parties the relief to which they show themselves entitled.

2. Though there may be some necessary exceptions to a stringent enforcement of the rule, as where the applicant has had no opportunity to present his objections below, and the necessary delay would be injurious to his interests, or when the want of jurisdiction is disclosed on the face of the record itself, and it is obvious from the whole proceedings that such an application would be futile, there is nothing in the case at bar to excuse the failure to present the objection to the lower court.

[Decided April 25, 1904.]                    (76 Pac., 680.)

APPLICATION for writ of prohibition.

The application was made upon the relation of the First National Bank of Laramie against the District Court of the Second Judicial District in and for Albany County and others, to restrain further proceedings under the appointment of a receiver in a proceeding in aid of execution instituted by Morris E. Stowers, a judgment creditor, against

Bird Bros., a partnership. The receiver had taken possession of real and personal property covered by alleged mortgages held by the relator, and an order had been made for the sale of certain cattle covered by relator's mortgage to create a fund for payment of the expenses of the receivership. The respondent demurred to the petition, and the hearing was had upon such demurrer.

*N. E. Corthell,* for relator.

The jurisdiction to issue the writ of prohibition, its uses and nature is settled by the decisions of this court. (Dobson v. Westheimer, 5 Wyo., 34; State ex rel. v. Dist. Court, id., 227; State ex rel. v. Ausherman, 73 Pac., 548.) It is not necessary that the application for relief in the lower court be made on jurisdictional grounds. (High Ex. Leg. Rem., 773; Harris v. Brooker, 8 Wash., 138; State v. Sup'r. Court, 7 id., 77; Hudson v. Judge, 42 Mich., 239; Walcott v. Wells, 21 Nev., 47; People v. Carrington, 5 Utah, 531; Com. v. Latham, 85 Va., 632.) But the rule as to objection in the lower court is subject to many qualifications. It is not required in *ex parte* proceedings. (R. Co. v. Wear, 135 Mo., 230.) Where want of jurisdiction is apparent on the face of the record. (State v. White, 40 Fla., 297; State v. Gill, 137 Mo., 631; Havemeyer v. Sup'r. Court, 84 Cal., 327.) The relator here has not been guilty of laches. It was not a party to the proceeding in the court below. At the first appearance of danger to its rights, it sought relief by applying for leave to enforce its liens. The relator's application was sufficient objection to the jurisdiction of the court through its receiver to take and control the property covered by relator's liens. The remedy of prohibition is clearly applicable to this case. (State v. Dist. Court, 5 Wyo., 232; High Ex. Leg. Rem., 761, 767, 781; State ex rel. v. Ausherman, 73 Pac., 548; Havemeyer v. Court, *supra;* Quimbo v. People, 20 N. Y., 531; McConniha v. Guthrie, 21 W. Va., 134; State v. Ross, 122 Mo., 435; McDowell v. Bell, 86 Cal., 615; Inv. Co. v.

Court, 101 Cal., 135; State v. Court, 7 Wash., 77; Long v. Court, 102 Cal., 449; State v. Court, 4 Wash., 30; Bank v. Court, 103 Cal., 27; Supervisors v. Winfield, 27 Gratt., 329; Washburn v. Phillips, 2 Metc., 296; Ex. Smith, 23 Ala., 94.) Jurisdiction of a cause and of the parties does not relieve a court from the obligation to observe the law in its further proceedings. (Windsor v. McVeigh, 93 U. S., 274.) The fact that an appeal may lie does not oust jurisdiction in prohibition. (High on Rec., 771; Conn. R. Co. v. Com'rs., 127 Mass., 59; Havemeyer v. Sup'r. Court, *supra;* McInerney v. Denner, 17 Colo., 302; High Ex. Leg. Rem., 789.)

*H. V. S. Groesbeck,* for respondents.

The jurisdiction to issue the writ of prohibition is appellate. No appellate jurisdiction is invoked by the relator's petition. It is sought to have the court exercise original jurisdiction. This is not authorized. (Const., Art. V, Sec. 3; 23 Ency. L. (2d Ed.), 216, 217; Dobson v. Westheimer.)

Application for relief must first be made in vain to the inferior court. (23 Ency. Law (2d Ed.), 217; Hawes on Jur., 158, and cases cited; 16 Ency. Pl. & Pr., 1128.) The writ of prohibition cannot be made to perform the functions of an appeal, or certiorari. (State v. Judge, 11 La. Ann., 696; People v. Court, 36 Barb., 341; Walcott v. Wells, 21 Nev., 47; State v. Court, 5 Wyo., 227.) By its own laches the relator forfeited all right to raise a question as to jurisdiction. Material delay bars the writ. (*In re* Denton, 1 H. & C., 654; Yates v. Palmer, 6 D. & L., 283; Buggin v. Bennett, 4 Burr., 2037; Hawes on Jur., 158.) The act complained of, viz: the order for a sale, had resulted in a completed sale, and there is nothing to arrest by the writ. (23 Ency. L. (2d Ed.), 204; 16 Ency. Pl. & Pr., 1132; Woodward v. Court, 11 Wash., 63; State v. Court, 5 Wyo., 227; U. S. v. Hoffman, 4 Wall., 158.)

The delay amounted to a consent to or acquiescence in the receiver's appointment. (Brown v. Iron Co., 134 U.

S., 533; Allen v. R. Co., 3 Woods, 316; 105 Mich., 497; 86 id., 149; 154 Mo., 215; 79 Hun.) The writ of prohibition is not demandable as matter of right, but it is to be granted or withheld according to each particular case in the sound discretion of the court. Exp. Hamilton, 51 Ala., 62; People v. Westbrook, 89 N. Y., 152; State v. Judge, 21 La. Ann., 123; Martin v. Thompson, 62 Cal., 618.) See also on the questions involved on the demurrer, Jacobs v. Court, 65 Pac., 826; Rust v. Stewart, 64 id., 222; State v. Benson, 21 Wash., 571; State v. Hogan, 24 Mont., 379; State v. Court, 22 id., 220; State v. Court, id., 376.

(The briefs of counsel upon the other points in the case are abstracted in the case, *ante*, of First National Bank of Laramie et al. v. Cook, as Receiver, et al.)

CORN, CHIEF JUSTICE.

This is a petition for a writ of prohibition—a proceeding originating in this court—and the circumstances of the litigation out of which it arises are sufficiently stated in the case of First National Bank et al. v. Alfred Cook, as Receiver, et al., 76 Pac., 674, recently decided by this court upon proceedings in error. The matter is presented upon a demurrer to the petition, alleging that it fails to state facts sufficient to constitute a cause of action.

It is urged, among other things, in support of the demurrer, that it does not appear from the allegations of the petition that the objection that the court was without jurisdiction was presented in any manner to the court below. We think this objection is fatal to the petition, and that the demurrer must be sustained. In State ex rel. v. District Court, 5 Wyo., 227, 39 Pac., 749, the petitioner alleged that he had suggested to the District Judge, in writing, his lack of jurisdiction in the premises, but that such suggestion was overruled. The answer denied that it had been overruled, and averred that a consideration of such suggestion had been postponed to the next term of that court. In that case this court said: "So far as we are advised by all the facts

before us, it appears that any motion or suggestion of lack of jurisdiction which may be pending in the lower court remains therein undetermined. Many courts hold such a determination to be a prerequisite to the allowance of the writ; indeed, this may be said to be the general rule; and, were there no other reason, this would be a sufficient one in this case for the denial of the writ as prayed for." It cannot, therefore, be said, perhaps, that the precise question has heretofore been decided by this court.

But the rule is stated to be that applications for the writ are premature until exception has been taken to the lower court and overruled, and will be refused if this has not been done, for it is invariably presumed that courts will give to parties the relief to which they show themselves entitled. (16 Ency. Pl. & Pr., 1128.) And High says: "The common law rule is believed to be generally applicable, and the writ will not go to a subordinate tribunal in a cause arising out of its jurisdiction until the want of jurisdiction has first been pleaded in the court below, and the plea refused." (High Ex. Rem., Sec. 773.) In Brown on Jurisdiction, Section 175, it is said: "Usually a plea to the jurisdiction should be filed before the writ issues, so the court may know the grounds made before the writ will lie." And Spelling says: "The extraordinary remedy by prohibition is confined at present, as when first employed, only to cases where it appears that the party seeking it has an actual grievance, and has applied without avail to the inferior tribunal for relief; and an application for a writ of prohibition will be denied when it does not appear that want of jurisdiction was pleaded in the court whose action is sought to be prohibited." (Spelling Inj. & Extra. Rem., Sec. 1731.)

There are some cases to the contrary, but this seems to be the trend of authority upon the subject. And it is in line with the practice in this State, that parties will not ordinarily be heard in this court to allege error until it has been first presented for correction to the court in which it occurred,

by motion for new trial or other proper proceeding. There
are doubtless some necessary exceptions to a stringent en-
forcement of the rule, as where the applicant has had no op-
portunity to present the objection in the lower court, and
the necessary delay would be highly injurious to his inter-
ests, or when the want of jurisdiction is disclosed on the
face of the record itself, and it is obvious from the whole
proceedings that such an application would be futile.    It
has been so held in. Missouri, for instance St. Louis R. R.
Co. v. Wear, 135 Mo., 230; 36 S. W., 357, 658; 33 L. R.
A., 341; State ex rel. v. Hirzel, 137 Mo., 435; 37 S. W.,
921; 38 S. W., 961, although in that state it has also been
held that the rule is inflexible that the inferior court must
be asked, in some form, to refrain from proceeding for
want of jurisdiction before an application for prohibition
will be entertained by a court of supervisory authority.
(Barnes v. Gottschalk. 3 Mo. App., 115; State ex rel. v.
Laughlin, 9 Mo. App., 488.)    There is nothing in this case
to excuse the failure in that respect, and we must presume
that, if the objection to the jurisdiction had been presented
to the court below, it would have refrained from the pro-
ceedings wherein its jurisdiction was exceeded.    (State ex
rel. v. Judge, 29 La. Ann., 806.)

The demurrer will be sustained.

KNIGHT, J., and POTTER, J., concur.