# STATE EX REL. FIRST NATIONAL BANK OF LARAMIE v. DISTRICT COURT OF ALBANY COUNTY ET AL.

PROHIBITION—DISMISSAL UPON REVERSAL ON ERROR OF ORDERS COMPLAINED OF.

1. The District Court appointed a receiver in certain proceedings in aid of execution, and thereafter made certain orders which were complained of on error by parties holding liens upon the debtor's property, and also by one of said parties in an original action in the Supreme Court for prohibition. In the latter cause an alternative writ had been issued restraining further proceedings in the receivership until the further order of the court. A demurrer having been sustained to the petition for prohibition on the ground that the objection to jurisdiction did not appear to have been first presented to the inferior court, an amendment was filed to cure such defect, but, in the meantime, before consideration of such amendment, the subsequent orders complained of were reversed, in the appellate proceedings, and the cause remanded for further appropriate proceedings. *Held,*

(1) That as the District Court had jurisdiction to appoint the receiver, or the relator could not complain thereof, the court should not be prohibited from further proceeding in the matter of the receivership in such manner as permitted by law.

(2) The later orders particularly complained of in the application for prohibition having been reversed

on error, no good reason exists for continuing the prohibitive writ, nor for further continuing the cause, and the alternative writ should, therefore, be dissolved and the petition for prohibition dismissed.

[Decided December 31, 1904.]                 (78 Pac., 1093.)

ORIGINAL proceeding for writ of prohibition to restrain further proceedings in the District Court for Albany County under the appointment of a receiver in a proceeding in aid of execution.  A demurrer was sustained to the petition. (See State ex rel. Bank v. District Court et al., 12 Wyo., 547.)  An amendment to the petition was filed, and a motion by respondents to strike the amendment from the files.  For further facts, see the opinion which follows, and First National Bank et al. v. Cook, 12 Wyo., 492.

*N. E. Corthell,* for relator.

*H. V. S. Groesbeck,* for respondents.

POTTER, JUSTICE.

In this cause a demurrer was sustained to the petition for a writ of prohibition.  (12 Wyo., 547; 76 Pac., 680.)  The relator has filed an amendment to the petition, and the respondents have filed a motion to strike the amendment from the files.  The effect of the amendment is that in argument before the District Court on the application of the relator and others for leave to enforce certain securities against the receiver, and in support of objections to the sale by the receiver of certain cattle on which the relator claimed a lien by mortgage, the point was orally made that the court was without jurisdiction.  It is doubtful if the facts set forth by the amendment sufficiently presented the objection to jurisdiction to furnish a basis for the issuance of an order prohibiting further proceedings.

But so far as the order of the District Court is concerned that directed the sale of cattle to pay the receiver's expenses, on which the relator claimed a lien; and so far as it denied

the application of relator to enforce its securities upon property in the receiver's possession, the same has been reversed, and, by an opinion this day delivered, a rehearing therein has been denied. The petition for prohibition prays that the District Court and the respondents be restrained from proceeding further in the receivership proceeding pending in this cause; and that upon a hearing such writ be made absolute. An alternative writ of prohibition was issued whereby the respondents were commanded to refrain from any further proceedings in the receivership until the further order of the court, and that they show cause why they should not be absolutely restrained from any further proceedings in the receivership, and in the action wherein the receiver was appointed.

It now appears that by the final action of this court in the proceedings in error that complained of the same orders mentioned and complained of in the petition for prohibition, such orders have been reversed, and the cause remanded for further proceedings not in conflict with the opinion of this court. It is clear, we think, that the District Court had jurisdiction to appoint the receiver, or at least that the relator cannot complain thereof, and that the court should not be prohibited from further proceeding in the matter of the receivership in such manner as the law permits.

We are of the opinion, therefore, that no good reason exists for continuing the prohibitive writ, nor for the further continuance of this cause. The alternative writ will be dissolved, and the petition for prohibition dismissed.

Corn, C. J., concurs.