State, ex rel. JOHN J. SPRIGGS, Sr., Relator,

vs.

The District Court of the Seventh Judicial District in and for the County of Fremont, State of Wyoming, S. J. LEWIS and F. B. SHELDON, Judges Presiding, *Respondents,*

and

Pioneer Carissa Gold Mines, Inc., a corporation, *Intervener and Respondent.*

(No. 2757; September 18th, 1956; 301 Pac. (2d) 550)

Heard before Fred H. Blume, Chief Justice, Glen G. Stanton, and Allen A. Pearson, District Judges.

For the relator in support of the petition for writ of prohibition, the cause was submitted upon the argument of John J. Spriggs of Lander, Wyoming, appear-pro se.

For the respondents in opposition to the petition for writ of prohibition, the cause was submitted upon the argument of Arthur E. Oeland of Lander, Wyoming.

For the intervenor and respondent, the cause was submitted upon the argument of W. J. Nicholas, of Smith & Nicholas, of Lander, Wyoming.

Per Curiam.

## OPINION
### Original Proceeding in Prohibition

This is a petition filed in this court by John J. Spriggs, relator, against the district court of Fremont County, Wyoming, and the judges thereof, asking for a writ of prohibition, involving the following property, together with improvements thereon, mining machinery, tools and equipment, situated in Sections 20 and 21, T.29 N., R. 100 W., 6th P.M., to-wit: Mono No. 1 Lode Mining Claim; Mono No. 2 Lode Mining Claim; Oro Fino Lode Mining Claim; Jeanette Lode Mining Claim; Alpine Wolverine, Ben Hur, J.C.S. and Charles Dickens, known as the Mohanet Group; Homestake Lode Mining Claim; The Lucky Strike, Hermit, Mono Tracts A and B, and Carissa Placer Mining Claims. The relator prays that this court prohibit the district court of Fremont county, Wyoming, and its presiding judges from holding the foregoing property in receivership herein mentioned, and direct the court to order the receiver to forthwith deliver said property to the plaintiff, the relator herein, and give proper redress for the wrongs suffered by the relator.

The petition consisting of some forty-five typewritten pages is confusing, improperly interspersed with a great deal of argument and citation of authorities. It is full of conclusions so that it is difficult to separate the wheat from the chaff, nor shall we attempt to do so. The gist of the relator's claim, according to the petition, appears to be as follows: Barney N. Tibbals, the predecessor in interest and grantor of the relator, recovered a judgment and lien on the foregoing property as shown in the case of Tibbals v. Keys, 40 Wyo. 524, 281 P. 190, together with an order to sell the property to satisfy the judgment and lien. Hence it is concluded by relator that the judgment claimant has the exclusive right to have the property sold; that while a receiver of the property was appointed on

November 3, 1930, the appointment was void and he has no authority whatever to interfere with the right of the foregoing judgment creditor in having the property sold to satisfy the judgment. It is further alleged that an execution was issued to enforce the judgment; that a sale was held on October 15, 1932; that the sale was confirmed by the court on January 15, 1933; and that a deed was issued accordingly. It should, however, be mentioned in this connection that the relator fails to allege that this sale was set aside for two reasons: First, because the judgment creditor did not obtain the consent of the court in the receivership matter. Second, because the sale was conducted fraudulently, as appears in the opinion of this court in Tibbals v. Graham (receiver), 50 Wyo. 277, 61 P.2d 279, 62 P.2d 285. A number of other facts are found stated in the foregoing case and in Tibbals v. Graham, 55 Wyo. 169, 97 P.2d 673. Relator also alleges (page 32 of the petition) that since March 2, 1950, he has "been the owner of all the properties and rights" of his grantors. We might mention incidentally that he does not allege to be the owner of any rights which Anna M. Tibbals claimed in the action in the Federal courts hereinafter mentioned, and what has become of that claim is not clear herein. This action is evidently brought for the purpose of preventing the district court of Fremont county, Wyoming, from distributing the property in the hands of the receiver as mentioned in the answer herein.

An answer in this case was filed on behalf of respondents. The answer alleges that Pioneer Carissa Gold Mines, Inc., is a party in interest herein; it denies the allegations of the petition except as admitted; it admits that Barney N. Tibbals obtained a judgment of $17,500; it alleges that a receiver was appointed by the court on November 3, 1930, who, ever since that time, has been in possession of the property in con-

troversy; that a final order was entered in the receivership matter on June 7, 1956, distributing the property in the hands of the receiver. By an exhibit attached to the answer, it appears, when that final order was entered, that relator Spriggs was served with due notice of the hearing thereof; that he was present in court at the hearing, but declined to take part in the hearing; that Spriggs was allowed the balance due on his claim (under the Tibbals judgment above mentioned and as successor in interest); and that the receiver was directed to convey to the Pioneer Carissa Gold Mines, Inc., the grantee of the purchaser of the property, the property in controversy. It was further alleged that the questions raised by the relator are res judicata. An amendment to the answer was offered showing the judgments, by reason of which the matters herein involved, are thus res judicata.

The Pioneer Carissa Gold Mines, Inc., filed a petition of intervention and answer in this case, alleging, among other things, that it has a substantial interest in the property in controversy; that the property in controversy has been in the possession of the receiver since November 3, 1930; that the receiver has contracted with petitioner for intervention for the possession and sale of the property; that relator has consented to and acquiesced in the receivership, has participated in proceedings in the receivership, has recognized the appointment, and has obtained benefits from the receivership; that relator's action is barred by the statute of limitation, namely, under the provisions of § 3-501 W.C.S. 1945; that the claims of the relator are res judicata by reason of the following judgments wherein it was held, contrary to the contentions therein made, that the relator and his grantors or predecessors in interest do not have any right or title to the property in controversy, to-wit:

"1. Judgment of the District Court of Fremont County, Wyoming, in Civil Cause No. 4871, entitled *'Barney N. Tibbals and John J. Spriggs v. Marshall Graham as Receiver of Midwest Mines Corporation, et al,'* rendered September 14, 1935, appealed to Wyoming Supreme Court and opinion therein rendered by said Court on October 7, 1936, reported with opinion on petition for rehearing at 50 Wyo. 277, 296, 61 P.2d 278, 62 P.2d 285.

"2. Judgment of the District Court of Fremont County, Wyoming, in Civil Cause No. 5651, entitled *'Barney N. Tibbals and John J. Spriggs, Plaintiffs, v. Marshall Graham, as the Receiver of the Midwest Mines Corporation, and as Receiver appointed in the Case 4561 in the District Court of Fremont County, Wyoming, and as asserted Receiver for Federal Gold Mining Company, a Corporation, and Morris K. Wilson, George C. Wilce, Gladys Spry Auger, as Executors of the Estate of John C. Spry, deceased, and Marshall Graham, defendants,'* entered February 15, 1939, appealed to Wyoming Supreme Court and opinion therein rendered by said Court on January 9, 1940, reported at 55 Wyo. 169, 97 P.2d 673, rehearing denied without opinion.

"3. Judgment of the District Court of Fremont County, Wyoming, in Civil Cause No. 7521, entitled *'Federal Gold Mining Company, a Corporation, and John J. Spriggs, Plaintiffs, v. Pioneer Carissa Gold Mining Company, Inc., a Corporation, and Wallace M. Clinger an dPauline C. Egli, its officers and as individuals, and Mica Mountain Mines, Inc., a Corporation, and Wallace M. Clinger, John L. Munson and Pauline C. Egli, its trustees and as individuals, and Ray E. Tower and George B. Colemere, Defendants,'* entered July 15, 1954, appealed to Wyoming Supreme Court and opinion therein dismissing appeal rendered by said Court in November 8, 1955, reported at Wyo., 289 P.2d 643, application to reinstate denied April 24, 1956, without written opinion.

"4. Judgment of the District Court of the United States for the District of Wyoming, Civil Cause No.

3078, entitled '*Anna M. Tibbals and John J. Spriggs, plaintiffs, v. Mica Mountain Mines, Inc., a Corporation, Wallace M. Clinger, John L. Mnuson and Pauline C. Egli, as trustees of said Corporation and as individuals, defendants,'* motion for summary judgment by the defendants sustained May 10, 1948, appealed to the United States Circuit Court of Appeals for the 10th Circuit, Appeal No. 3719, Judgment of District Court affirmed, Writ of Certiorari applied for in October Term, 1948, Supreme Court of the United States, No. 740, application denied."

The Pioneer Carissa Gold Mines, Inc., is one of the most vitally interested parties and should be permitted to intervene herein, and its answer remain on file as a matter of course, notwithstanding the belated objection thereto by the relator.

A hearing in this case was had in open court on July 23, 1956, at which relator was personally present, and respondents and the petitioner of intervention were present by attorney. At the hearing the files in the receivership were offered in evidence. The answering respondents and the petitioner of intervention also offered in evidence the files in the case of John J Spriggs, plaintiff, v. Pioneer Carissa Gold Mines, Inc. defendant, heard in the district court of Fremont county, Wyoming. In that case the relator claimed the ownership of the property in controversy. The case appears to have been tried by a jury; the jury found against the plaintiff and in favor of the defendant, and judgment, in favor of the defendant, was accordingly entered on July 3, 1954. While the plaintiff took an appeal to this court, it was dismissed for noncompliance of law and the rules of this court.

At the hearing in this court on July 23, 1956, there was also offered in evidence the printed transcript of the record and the brief of appellants filed in the United States Court of Appeals in the case of Anna M. Tibbals

and John J. Spriggs, plaintiffs, v. Mica Mountain Mines, Inc. (predecessor in interest of Pioneer Carissa Gold Mines, Inc.), defendant, from which it appears that these plaintiffs claimed to be the owners of the property in controversy and the contentions in that case were substantially the contentions in the present case. The United States District Court for the District of Wyoming found against the plaintiffs and that judgment was affirmed by the United States Court of Appeals as appears in Tibbals v. Mica Mountain Mines, 172 F.2d 449. A petition for certiorari was filed in the Supreme court of the United States but denied. See 337 U.S. 925, 69 S.Ct. 1169, 93 L.Ed. 1733; 338 U.S. 839, 70 S.Ct. 34, 94 L.Ed. 513.

The relator did not file a reply to the answer, although a belated objection was filed to the petition of intervention and answer. However, he filed what is substantially an answer in connection with the issue of res judicata, claiming substantially that this contention is irrelevant. Arguments of counsel were had and the case was submitted to the court, the relator claiming that he is entitled to a summary judgment on the pleadings. The matters here offered in evidence are relevant and important in this case and should be and are admitted.

To obtain a writ of prohibition against the district court of Fremont county, Wyoming, and its judges, relator must show lack of or excess of jurisdiction. That court appointed the receiver on November 3, 1930, and has jurisdiction over him and the property controlled by him. The receiver has had possession of the property in controversy directly or by his representatives for twenty-six years. It is a little late in the day now to conjure up a lack or excess of jurisdiction over the property. The relator is here attempting to stop

the district court of Fremont county, Wyoming, through its receiver, from conveying to Pioneer Carissa Gold Mines, Inc., the very property which, in one of the actions above mentioned, was directly held not to be the property of relator, but the property of that company. That the receiver herein was not and is not a trespasser was specifically decided in Tibbals v. Graham, 55 Wyo. 169, 97 P.2d 673. Additional reasons why the receiver is in rightful possession of the property were given in the case of Tibbals v. Graham, 50 Wyo. 277, 61 P.2d 279, 62 P.2d 285. That the relator and his grantors are not the owners of the property in controversy has been decided in three different judicial proceedings in the district court of Fremont county,Wyoming, in two cases in this court as above mentioned, i nthe United States District Court of Wyoming and in the United States Court of Appeals, according to the cases heretofore cited. That is seven times. That is more than enough. A further attempt to try to claim any ownership of the foregoing property is a grave abuse of judicial process. We are constrained to hold that the relator is not the owner and has no right to possession of the property in controversy; that the Pioneer Carissa Gold Mines, Inc., is the owner and has the right of possession pursuant to the order of June 7, 1956, of the district court of Fremont county, Wyoming, assuming a conveyance is or has been made as directed by that court; that the plea of res judicata on the part of the respondents and intervener must be sustained; that relator is estopped to claim ownership or possession of the property in controversy; and the petition for writ of prohibition must be denied.

Aside from the sale pleaded in the petition herein and which was declared void as above mentioned, the claim of the petitioner here is substantially that which is stated and discussed by this court on the petition

for rehearing in Tibbals v. Graham, 50 Wyo. 277, 61 P.2d 279, 62 P.2d 285, 286. The court there stated as follows:

"Counsel again and again stresses the fact that the lien or right of the plaintiffs is paramount to any of the rights of the receivers. Among other things, he complains that we overlooked section 89-825, Rev.St. 1931, providing that during the pendency of an action no 'interest can be acquired by third persons in the subject matter thereof, as against the plaintiff's title.' But the materiality of that provision is not perceived. That Tibbals acquired a lien or right prior to that of the receiver is not herein contested by the receiver, and the trial court in the instant suit fully protected it. Counsel draws the conclusion that the paramount right cannot in any manner be affected by the receivership proceedings. Here, perhaps, lies one of the fundamental errors into which counsel has fallen. The receiver's right arose out of a lease made to the Midwest Mines Corporation by the Federal Gold Mining Company in 1928, subsequent to the time when Tibbals' right accrued. The Midwest Mines Corporation became insolvent in 1930 and a receiver was appointed for it in November of that year, so that the creditors of the lessee might be protected. The receiver was appointed long before the plaintiffs herein sought to enforce the right which Tibbals had. The mere fact that Tibbals had a prior right could not, before that right was fully enforced and ownership of the property was acquired by the plaintiffs, prevent the accrual of rights subsequent and inferior to the rights of plaintiff, nor is any just reason apparent why such inferior right could not or should not, as far as possible, be protected along with that of Tibbals."

This excerpt shows the point involved is res judicata herein and that it states a sound rule of law cannot, we think, be questioned.

A second reason why the petition for prohibition should be denied is because the petitioner herein did not object to the lack of jurisdiction of the court when

the final order distributing the property in the receivership was made on June 7, 1956.

In State ex rel. First Nat. Bank of Laramie v. District Court of Albany County, 12 Wyo. 547, 76 P. 680, in which there was a petition for a writ of prohibition, the court stated:

"It is urged, among other things, in support of the demurrer, that it does not appear from the allegations of the petition that the objection that the court was without jurisdiction was presented in any manner to the court below. We think this objection is fatal to the petition, and that the demurrer must be sustained."

In State ex rel .Poston v. District Court of Eighth Judicial Dist., in and for Fremont County, 31 Wyo. 413, 227 P. 378, 380, 35 A.L.R. 1082, the court stated:

"The petition in this case fails to show that relators appeared in the case below and objected to the jurisdiction of the court. We held in the case of State ex rel. First Nat. Bank v. District Court, 12 Wyo. 547, 76 P. 680, that a writ of prohibition will not be granted until the objection of want of jurisdiction has been presented and overruled in the court below against which the writ is sought, for it is invariably presumed that the court will give the parties the relief to which they show themselves entitled. This was stated to be the general rule, and recent cases confirm this statement."

The writ of prohibtion asked for herein must accordingly be denied.

Denied.