## *In re* GREEN.

ORIGINAL.

No number. Submitted October 15, 1891. — Decided October 19, 1891.

A writ of mandamus does not lie from this court to the judges of the Supreme Court of a State, directing them to restore to office an attorney and counsellor whom that court had disbarred, and to vacate the order of disbarment.

THIS was a petition for leave to file an application for a writ of mandamus. The averments in the petition, upon which the prayer was founded, are sufficiently set forth in the opinion of the court.

*Mr. B. W. Perkins*, on behalf of the petitioner, presented the petition, together with a brief by him in support of it.

MR. JUSTICE FIELD delivered the opinion of the court.

It appears from the petition of the applicant, which he asks leave to file, that he has been disbarred from the practice of law as an attorney and counsellor in the courts of Colorado by order of the Supreme Court of that State, and he prays for

a writ of mandamus from this court commanding the judges of that court to restore him to his office and to vacate the order of disbarment.

The ground of the disbarment, as shown by the petition and the opinion of the Supreme Court of Colorado, to which it refers, was vituperative and denunciatory language used by the applicant in the pleadings in a suit brought in the Circuit Court of the United States respecting the conduct of a judge of the Superior Court of the city of Denver, Colorado, in certain proceedings had before him, and respecting the conduct of counsel therein, amounting to charges of corruption and bribery on their part in that suit, which the Supreme Court of the State found to be unwarranted by any evidence and prompted by the malice of the applicant. That court, so far as the charges against the judge of the Superior Court were concerned, evidently proceeded upon the opinion that the obligation of attorneys and counsellors imposed upon them from their office was, among other things, to observe at all times, both in their manner and language, the respect due to courts of justice and judicial officers; and that insulting and defamatory language, prompted by malice, respecting their conduct in court, was a breach of that obligation, for which they could properly be disbarred. It declared that the attorney's privilege does not permit him to enter the courts and spread upon the judicial records charges of a shocking and felonious character against brother attorneys, and against judges engaged in the administration of justice, upon mere rumors coupled with facts which should of themselves create no suspicion of official corruption in a just and fair mind. The applicant affirms that the order of disbarment was unwarranted, arbitrary, tyrannical and oppressive, and asks the interposition of this court by mandamus for his relief.

We cannot give him the aid he seeks by that writ, whatever may be the ground upon which the state court proceeded, and in whatever light its action may be regarded. A writ of mandamus can only be issued from this court in aid of its appellate jurisdiction, except in a few enumerated cases, not embracing the one before us. The Judiciary Act of 1789,

adopted at the first session of Congress, after declaring that the Supreme Court should have appellate jurisdiction from the Circuit Courts and courts of the several States, in certain cases, provided that it should have power to issue writs of mandamus in cases, warranted by the principles and usages of law, "to any courts appointed, or persons holding office, under the authority of the United States." And the Revised Statutes (§ 688) reënacted this provision in a modified form, without removing the limitation as to the courts to which and the officers to whom it may issue. If the applicant has any remedy in this court for his alleged grievance, upon which we express no opinion, it must be sought in another way.

*Motion denied.*

Mr. Justice Gray was absent at the time of the submission and decision of this case.