### KEELEY v. EVANS, Dist. Atty., et al.

(District Court, D. Oregon. February 14, 1921.)

No. 8530.

1. **Courts ☞508(2)—Federal court cannot review action of state court in denying admission to bar.**

   A federal court is without power or authority to review, re-examine, or reverse the action of the Supreme Court of a state in denying a license to practice law in the state, nor has it jurisdiction to require the state courts to grant such license.

2. **Constitutional law ☞206(4), 207(2), 306—Denial of admission to bar not abridgment of "privilege or immunity."**

   While the right of an attorney to practice law is a property right of which he cannot be deprived without due process of law, refusal to grant him a license to practice in the courts of a state is not an abridgment of any privilege or immunity, in which he is protected by the Fourteenth Amendment or article 4, § 2, of the Constitution.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Privileges and Immunities.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Attorney and client ☜1—Statute prescribing qualification for admission to bar valid.**

A state statute prescribing the qualifications prerequisite to the admission of any person to practice law in the courts of the state and the tribunal and procedure by which such qualifications shall be determined is within the power of the Legislature and valid.

In Equity. Suit by Lee Roy E. Keeley against Walter H. Evans, District Attorney for Multnomah County, Or., and the Justices of the Supreme Court of Oregon. On motion to dismiss bill. Motion sustained.

Lee Roy E. Keeley, of Portland, Or., for complainant.

Walter H. Evans and E. F. Bernard, both of Portland, Or., for defendant Evans.

George M. Brown, Atty. Gen., of Oregon, and Wallace McCamant, of Portland, Or., for defendant Justices of Supreme Court.

WOLVERTON, District Judge. Complainant is a citizen of the United States, and was on and prior to March 24, 1919, a citizen and resident of the state of California, and a member of the bar of that state in good standing. On that date he made application to the Supreme Court of this state (Oregon) for admission to practice law herein, and was licensed to practice for a period of nine months, under rule of court 41 (173 Pac. xiii). Objection was thereafter, and within six months, under the rule, entered to his permanent admission. Service of a copy of the objection was made upon complainant. The objections were referred by the court to the Board of Bar Examiners of Oregon for investigation, and on December 5, 1919, complainant was accorded a hearing before the board. One member of the board declined to act, because of a challenge on the part of complainant on the ground of prejudice. The remaining members made report to the court exonerating complainant from the charges preferred under the objections, but declined to recommend his permanent admission, because of lack of professional character requisite for an attorney of the state, based upon a consideration of the testimony taken before the board as a whole, and particularly the statements and conduct of the applicant at the hearing.

On February 17, 1920, the matter came up without argument before the court, upon the report and the accompanying evidence, and complainant's admission was denied. Upon applicant's motion, a rehearing was granted and had, at which arguments were presented upon each side, and considered. The court, deeming the action of complainant before the Board of Examiners unbecoming, and that he is by nature turbulent and intemperate, entered an order refusing permanent admission. Deeming himself aggrieved, complainant has instituted this suit against the Chief Justice and the Associate Justices of the Supreme Court and Walter H. Evans, district attorney for Multnomah county, praying injunction restraining them from interfering with his engaging in the practice of the law in Oregon; that the provisions of sections 1077 to 1081, inclusive, of Lord's Oregon Laws,

and rules 38 to 42, inclusive, of the Rules of the Supreme Court (173 Pac. xii), be adjudged and decreed to be unconstitutional and void; that defendants, except Evans, be directed and required to admit complainant to the bar of the state, and to license and authorize him to practice law in all the courts therein; and that complainant have judgment against defendants, except Evans, for the sum of $5,030 and costs.

The jurisdiction of this court and the sufficiency of the bill of complaint are brought to test by motions to dismiss. The record presents a case, not of a proceeding for the disbarment of complainant, but of one whereby he is seeking admission to the bar as an attorney from another state, and a denial by the court of such admission. The license extended him to practice for the period of nine months was only temporary and probationary, pending an opportunity for those concerned to make proper investigation of complainant's fitness to be admitted permanently. The cause of complainant's application was therefore pending during the probationary period or until otherwise disposed of.

[1] It is beyond question that this, a federal court, has no power or authority to review, re-examine, or reverse the action of the state Supreme Court in denying a license to practice law in the state. The United States Supreme Court has so declared as to its own authority to re-examine or reverse, as a reviewing body, the action of a state court in disbarring a member of the bar of its own court. Selling v. Radford, 243 U. S., 46, 50, 37 Sup. Ct. 377, 61 L. Ed. 585, Ann. Cas. 1917D, 569. If that court has no such authority, it follows, by a much stronger reason, that this court possesses none.

Nor can this court interpose to give complainant affirmative relief, such as to require the Supreme Court of the state to issue him a license to practice law in the state. This follows by reason of the distinct organization of the two courts, one being national and the other state, between which there is no jurisdictional co-ordination as it respects the administration of state polity. A federal court will administer the laws of the state in controversies in which it is given jurisdiction, but it will not interpose to direct or review the administration of state affairs.

[2] This would dispose of the case, but for the contention that complainant is entitled to admission to the bar of this state in spite of regulations prescribed by the laws of the state and rules of court governing the admission of attorneys from another state, and, in this relation, that the Supreme Court has denied him the right to be heard in his own behalf, and that he has been deprived of a privilege due to a citizen of the United States, and to which citizens of the several states are entitled, contrary to the provisions of section 2, article 4, of the federal Constitution, and the Fifth and Fourteenth Amendments thereto.

Without doubt, the right of an attorney to practice law is a property right, which can be taken from him only after judicial hearing and a fair opportunity to be heard in his own defense. Ex parte Garland, 4 Wall. 333, 18 L. Ed. 366; Ex parte Robinson, 19 Wall. 505,

22 L. Ed. 205; State ex rel. McElhinney, 241 Mo. 592, 606, 145 S. W. 1139; Smith v. Medical Examiners, 140 Iowa, 66, 117 N. W. 1116. As we have seen, the proceedings against complainant were not for his disbarment, but, notwithstanding, it is without question that he not only had ample notice and a fair opportunity to be heard, but he actually appeared before both the board and the court, and was afforded full and adequate opportunity to present his case in all of its angles. Due process of law does not embrace nor control mere forms of procedure in state courts, or regulate practice therein. All of its requirements are complied with, provided, in the proceedings which are claimed not to have been due process, the person proceeded against has had sufficient notice and an adequate opportunity has been afforded him to defend. Louisville & Nashville Rd. Co. v. Schmidt, 177 U. S. 230, 236, 20 Sup. Ct. 620, 44 L. Ed. 747.

Complainant is precluded, in view of the record, from at all insisting that he has been condemned without due process of law. Nor can he insist with confidence that he has been deprived of the privileges and immunities of a citizen of the United States. The right to practice law in the state courts is not such a privilege or immunity, within the meaning of the first section of the Fourteenth Amendment. Bradwell v. Illinois, 16 Wall. 130, 21 L. Ed. 442. As it relates to the privileges and immunities of citizens of the several states, these, says Washington, Circuit Justice, sitting in the Circuit Court, in Corfield v. Coryell, 6 Fed. Cas. 546, 551, No. 3,230, may—

"be all comprehended under the following general heads: Protection by the government; the enjoyment of life and liberty, with the right to acquire and possess property of every kind, and to pursue and obtain happiness and safety; subject nevertheless to such restraints as the government may justly prescribe for the general good of the whole."

Speaking of this clause of the Constitution, the Supreme Court, in Slaughterhouse Cases, 16 Wall. 36, 77 (21 L. Ed. 394), declares:

"Its sole purpose was to declare to the several states that whatever those rights, as you grant or establish them to your own citizens, or as you limit or qualify, or impose restrictions on their exercise, the same, neither more nor less, shall be the measure of the rights of citizens of other states within your jurisdiction."

[3] Leaving this subject for the present, let us inquire by what right and authority an attorney is entitled to engage in the practice of the law and acquires that privilege. Formerly, and under the common law, it rested with the courts to determine who was qualified to become one of its officers as an attorney and counselor, and for what cause he ought to be removed. Ex parte Secombe, 19 How. 9, 11, 15 L. Ed. 565.

But it is competent for the Legislature of a state, unless restricted by the Constitution, to confer that power upon the Supreme Court of the state. Cooper's Case, 22 N. Y. 67, 90. Attorneys are officers of the court, and, generally speaking, they are admitted as such upon its orders, upon evidence of their possessing sufficient legal learning and fair private character. Ex parte Garland, supra. "It has been," says the court (4 Wall. 378, 18 L. Ed. 366), "the general practice in

this country to obtain this evidence by an examination of the parties." So the court declares, in Ex parte Robinson, supra, 19 Wall. p. 512, 22 L. Ed. 205:

"Parties are admitted to the profession only upon satisfactory evidence that they possess fair private character and sufficient legal learning to conduct causes in court for suitors."

This is, in substance, what is required by the state statute: The applicant must show that he is a citizen of good moral character, which may be proved by any evidence satisfactory to the court, and that he is possessed of the requisite learning and ability. An attorney from another state may be admitted generally upon proof that he is a person of good moral character, which may also be proved by evidence satisfactory to the court. So it is obvious that the requirements for admission to practice in the state courts are not different from those that are exacted generally. At any rate, the Legislature has the right to prescribe qualifications for the office, to which the applicant or attorney must conform, as a prerequisite to his admission. Ex parte Garland, supra, 4 Wall. p. 379, 18 L. Ed. 366.

Now, in view of these regulations, what right, privilege, or immunity is extended to the citizens of the state to become practitioners at law that is not likewise extended to a citizen of another state? Obviously, there is none, and complainant has not been subjected to any different regulation. Nor have complainant's privileges and immunities been abridged, within the first section of the Fourteenth Amendment. If the service is public, the state may prescribe qualifications, and require an examination to test the fitness of any person to engage in and remain in the public calling. Smith v. Texas, 233 U. S. 630, 636, 34 Sup. Ct. 681, 58 L. Ed. 1129, L. R. A. 1915D, 677, Ann. Cas. 1915D, 420.

It cannot be denied that an attorney's calling is public in character. He is an officer of the court, and his services are to the public. It is eminently proper that his qualifications and fitness to engage in the service shall be inquired into before he is permitted to enter the profession. So it has been declared that:

"State legislation, which in carrying out a public purpose is limited in its application, is not a denial of equal protection of the laws, within the meaning of the Fourteenth Amendment, if within the sphere of its operation it affects alike all persons similarly situated." Williams v. Arkansas, 217 U. S. 79, 30 Sup. Ct. 493, 54 L. Ed. 673, 18 Ann. Cas. 865, first clause of syllabus.

See, also, Tinsley v. Anderson, 171 U. S. 101, 18 Sup. Ct. 805, 43 L. Ed. 91, Dent v. West Virginia, 129 U. S. 114, 9 Sup. Ct. 231, 32 L. Ed. 623, cited in Smith v. Texas, supra, and Field v. Barber Asphalt Co., 194 U. S. 618, 24 Sup. Ct. 784, 48 L. Ed. 1142.

The case of Dent v. West Virginia is peculiarly instructive, as it pertains to the power of the state to exact reasonable tests touching the qualification and fitness of applicants as a prerequisite to receiving the license of the state to engage in a public calling. Surely complainant has not been treated differently from any other citizen of another state, applying for license to practice law in this state. Nor has he

in reality been treated differently from a citizen of this state applying to enter the practice herein. All are required to show to the satisfaction of the court their moral fitness to engage in such practice. This means that one must be possessed of a "fair private and professional character," as expressed by the court in Selling v. Radford, supra, before he is entitled to admission from another state. The prerequisite is neither exceptional nor discriminatory; nor does the procedure prescribed deny to complainant the equal protection of the law.

After a careful review of the crucial questions involved, I am impelled to the conclusion that, within the jurisdiction or power of this court, complainant has not shown himself entitled to the relief prayed for, in any aspect.

The motions to dismiss will be sustained.