FEDERAL GOLD MINING COMPANY, a Corporation, and JOHN J. SPRIGGS,

*Plaintiffs and Appellants,*

vs.

PIONEER CARISSA GOLD MINES, INC., a Corporation, and MICA MOUNTAIN MINES, INC., a Corporation,

*Defendants and Respondents,*

and

H. H. HIME, Receiver,

*Defendant and Respondent.*

(No. 2690; November 8, 1955; 289 Pac. (2d) 643)

### OPINION

PER CURIAM.

The appeal herein is by what is called direct appeal.

It appears that the record on appeal herein was filed in the Office of the Clerk of the District Court of Fremont County, Wyoming, on November 20, 1954. The record was withdrawn twice by counsel for appellant and was not finally returned to the clerk of the district court until February 1, 1955, and was filed in this court on February 2, 1955, more than sixty days after the filing in the office of the clerk of the district court. It should have been filed in this court not later than January 19, 1955.

Counsel for the respondents have filed a motion to dismiss the appeal on the ground of the late filing of the record in this court.

We adopted a rule effective January 31, 1931, reading in part: "A case brought by direct appeal to the supreme court shall be subject to dismissal, if the

record on appeal shall not have been filed in the office of the clerk of the supreme court within sixty days after such record shall have been filed in the office of the clerk of the district court as required by law." This rule has the force of law, and we have numerous times held that in case of noncompliance with the rule, the case will be dismissed.

The latest decision on the point is Henning v. City of Casper, 63 Wyo. 352, 182 P.2d 840, which cites numerous cases previously decided to the same effect; and it is not necessary here to set out the latter. We might, however, say that in Samuel v. Christensen-Garing, 47 Wyo. 331, 37 P.2d 680, we dismissed the appeal though filed only two days too late, whereas in the case at bar the record on appeal was filed thirteen days too late. The only excuse which the appellants give for not filing the record of appeal in this court on time is apparently that the trial judge did not within twenty days after the record on appeal was filed make an order overruling the specifications of error. But that is no excuse. Section 3-5410, Wyoming Compiled Statutes, 1945, makes it the duty of the trial court to enter an order relating to the specifications of error only if it grants a new trial.

The rule of this court above-quoted applies unqualifiedly and permits of no exception when the trial court has failed to enter an order refusing a new trial.

The motion to dismiss the appeal herein must accordingly be and the same is granted.

*Dismissed.*