FEDERAL GOLD MINING COMPANY, a Corporation, and JOHN J. SPRIGGS,

*Plaintiffs and Appellants,*

vs.

PIONEER CARISSA GOLD MINES, INC., a Corporation, and MICA MOUNTAIN MINES, INC., a corporation,

*Defendants and Respondents*

and

H. H. HIMES, Receiver,

*Defendant and Respondent.*

(No. 2690; February 28th, 1956; 293 Pac. (2d) 923)

For the plaintiffs and appellants the motion was submitted on the brief of John J. Spriggs, Sr. of Lander, Wyoming.

For the defendants and respondents the motion was submitted on the objection and brief of Smith and Nicholas of Lander, Wyoming.

## OPINION ON MOTION TO REINSTATE APPEAL

(See 74 Wyo. 414)

BLUME, Chief Justice.

On November 8, 1955, this court dismissed the appeal in the foregoing case because it was not filed within sixty days after the record on appeal was filed in the district court in accordance with rule 35 of the court. Federal Gold Mining Co. v. Pioneer Carissa Gold Mines, 74 Wyo., 414, 289 P. 2d 643. The appellant has filed a motion to reinstate the case and now for the first time contends that the specifications of error constitute a part of the record on appeal, and when so considered the appeal was filed within the time stated in the foregoing rule. The record, purporting to be the record on appeal, was filed in the district court on November 20, 1954, and in this court 75 days later, namely on February 4, 1955, originally erroneously stated as February 2, 1955. The specifications of error were required to be filed within ten days after November 20, 1954. § 3-5408 W.C.S. 1945. They should, accordingly, have been filed not later than December 1, 1954. If they had been filed within that time, the record would still have been filed in this court too late.

They were not filed until December 7, 1954. Counsel states a number of excuses why he did not serve them in time. These excuses are controverted. We cannot tell whether the excuses are well taken and so we cannot consider them. It is now argued by counsel for appellants that the time of filing the specifications of error is not jurisdictional, and hence the record on appeal was filed in this court in time. Of course, if the reasoning of counsel is correct, the delay of seven days in filing the specifications of error makes no difference, then neither would thirty, forty, fifty, sixty or more days make any difference and, if the 60 day period under our rule 35 starts with filing the specifications of error and not before, then the rule might as well be abolished.

We might say parenthetically that in Hahn v. Citizens' State Bank, 25 Wyo. 467, 171 P. 889, 894, it is stated: "In view of the purpose of the specifications of error, and the other provisions of the statute, the provision of section 8 (§ 3-5408 W.C.S. 1945) that the specifications shall be filed and served within ten days after the record is prepared and filed should, in our opinion, be construed as prescribing only the limit of time beyond which such specifications may not be filed or served." In Hanson v. Chicago, B. & Q. R. Co., 29 Wyo. 421, 213 P. 763, the court stated that the filing and service of the specifications of error are not jurisdictional. In that case the specifications of error were in fact filed two days after the so-called record on appeal was filed, but were not served until after the expiration of ten days. The court held that the lack of service within the specified time does not necessarily require a dismissal of the appeal. Thus the court has in fact never held that if the specifications are not filed in time, a motion to dismiss would not be proper. And if we were to follow what is stated in Hahn v. Citizens' State Bank, supra, we would have no speci-

fications of error before us because filed too late, and there would be nothing before us to consider, and hence the motion to dismiss the appeal would be proper on that ground.

When the direct appeal statute was first passed in 1917 some discrepancy and confusion existed between §§ 3-5406 and 3-5408 as they then read. That is explained by the late Chief Justice Potter in McGinnis v. Beatty, 27 Wyo. 287, 196 P. 311, 313, as follows: "Although the record was, when first prepared and filed, required to include the specifications of error, under the statute as originally enacted (L. 1917, c. 32, § 6), service of the specifications was not required (Id., § 8) until within ten days after the record has been filed. By an amendment of section 6 in 1919 (Laws 1919, c. 15), the paper is not to be included in the record as first prepared and filed, but is thereafter, when filed, to be attached thereto together with a certificate of the clerk authenticating it and thereupon becomes a part of the record." Section 3-5406 W.C.S. 1945, as it now reads, is as follows:

"In civil causes appealed to the supreme court under the provisions of this Act [§§ 3-5401—3-5415], the clerk of the district court shall prepare a record on the appeal which shall consist of the original or certified copies of the pleadings, motions, demurrers, instructions given and refused, verdicts and findings, certified copies of the journal entries, including the entry of the judgment or order appealed from, and the notice of the appeal in the cause, securely attached together in their chronological order, and if a transcript of the testimony is prepared and filed, and is brought up on the appeal, the transcript with the exhibits and documentary evidence contained therein or attached thereto as a part thereof, shall also form a part of the record on appeal. When so prepared, the whole of such record shall be paged and numbered consecutively, and shall be certified to by the clerk of the district court as true and correct and filed in his office; and the specifications of error, when filed, shall be

authenticated by the certificate of said clerk and attached to the record by him and shall thereupon become a part of the record."

Under the statutes as they now read, §§ 3-5406, 3-5407 and 3-5410, the record on appeal and specifications of error are treated as two distinct and separate matters, so that at the present time, it is clear that the record on appeal consists of the matters enumerated in § 3-5406 W. C. S., 1945, and does not include the specifications of error. It has been uniformly considered in that manner by many previous decisions of this court.

It follows that the motion for reinstatement must be, and is denied.

*Denied.*

PARKER, J., and KLINE, D. J., concur.