John J. SPRIGGS, Sr., Appellant,

v.

PIONEER CARISSA GOLD MINES, Inc., a corporation; and George B. Colemere, Harry H. Hime, Spencer J. Lewis, Fred H. Blume and Harry S. Harnsberger, Appellees.

No. 5662.

United States Court of Appeals
Tenth Circuit.

Dec. 20, 1957.

John J. Spriggs, Sr., Lander, Wyo., pro se.

W. J. Wehrli, Casper, Wyo., Bard Farrall and Carleton A. Lathrop, Cheyenne, Wyo., for appellees.

Before HUXMAN, MURRAH and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court of Wyoming in an action by the appellant under the Civil Rights Act (Title 42 U.S.C.A. § 1983) for the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States and of the State of Wyoming. The defendant-appellees were adverse parties in state court litigation, and the trial judge (since deceased) who decided the case, and the appellate judges on appeal.

The substance of the prolix and redundant complaint is that the protracted state court litigation had the designed conspiratorial effect of depriving appellant of his adjudicated property rights without due process or the equal protection of the laws. The litigation complained of is found in the reported decisions. See Tibbals v. Keys, 40 Wyo. 524, 281 P. 190; Tibbals v. Graham, 50 Wyo. 277, 61 P.2d 279, on rehearing 62 P.2d 285; Tibbals v. Graham, 55 Wyo. 169, 97 P.2d 673; Tibbals v. Mica Mountain Mines, 10 Cir., 172 F.2d 449; Federal Gold Mining Company v.

Pioneer Carissa Gold Mines, 74 Wyo. 414, 289 P.2d 643; Federal Gold Mining Company v. Pioneer Carissa Gold Mines, 75 Wyo. 170, 293 P.2d 923; State ex rel. Spriggs v. District Court, Wyo., 301 P.2d 550.

It is sufficient for purposes of this appeal to state that every act complained of was done and performed in the prosecution and decision of matters in a court of competent jurisdiction. The court in each instance had jurisdiction of the subject matter and of the parties, and was authorized and empowered to decide the issues presented. It follows that no claim can be stated under the Civil Rights Act. See Bottone v. Lindsley, 10 Cir., 170 F.2d 705, certiorari denied 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101; Ryan v. Scoggin, 10 Cir., 245 F.2d 54. The judgment is affirmed.