John H. GATELY, Appellant,

v.

Leonard V. B. SUTTON, Otto Moore, Edward C. Day, William E. Doyle, Frank H. Hall, and Francis J. Knauss, Appellees.

No. 7045.

United States Court of Appeals
Tenth Circuit.

Oct. 16, 1962.

John H. Gately, Colorado Springs, Colo., pro se.

Frank E. Hickey, Deputy Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., Denver, Colo., with him on the brief), for appellees.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PICKETT, Circuit Judge.

The petitioner, Gately, formerly a practicing attorney in Colorado Springs, Colorado, relying upon one of the provisions of the Civil Rights Act, 42 U.S.C. § 1983, brought this action against members of the Supreme Court of Colorado requesting, in his prayer for relief, an order directing that Court to set aside an order of disbarment and damages in the sum of $500,000. This is an appeal from an order dismissing the petition upon the ground that the federal district court was without jurisdiction to award the relief prayed for.

From the allegations it appears that the disbarment proceeding resulted from a public charge by the petitioner that the Chief Justice of the Colorado Supreme Court accepted a bribe to influence or control the Court's decision in an appeal pending before it in which the petitioner represented the appellant. No appeal from the final order of disbarment was taken to the Supreme Court of the United States. The effect of the petitioner's allegations is that the Supreme Court of Colorado, in the disbarment proceeding,

refused to receive the evidence of the truth of the allegation of bribery which the petitioner submitted at the hearing, and unlawfully entered the order of disbarment. It is obvious from the petition, the record, and the appellant's brief that the relief sought is a review of the disbarment proceedings in the Supreme Court of Colorado culminating in a nullification of that Court's disbarment order.[1]

■ The Supreme Court of Colorado has exclusive jurisdiction to admit attorneys to practice in the Colorado courts and to strike them from the roll for misconduct. Colo.Rev.Stat.1953, §§ 12–1–1, 12–1–8. The federal courts do not have jurisdiction to review an order of the Colorado Court disbarring an attorney in that state for personal and professional misconduct. Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585. See In re MacNeil, 1 Cir., 266 F. 2d 167, cert. denied 361 U.S. 861, 80 S.Ct. 120, 4 L.Ed.2d 103; In re Noell, 8 Cir., 93 F.2d 5; In re Bennethum, D.Del., 196 F.Supp. 541; In re Crow, N.D. Ohio, 181 F.Supp. 718, aff'd 6 Cir., 283 F.2d 685; Keeley v. Evans, D.Or., 271 F. 520, appeal dismissed 257 U.S. 667, 42 S.Ct. 184, 66 L.Ed. 426. In Theard v. United States, 354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342, the Supreme Court said:

"It is not for this Court, except within the narrow limits for review open to this Court, as recently canvassed in Konigsberg v. California, 353 U.S. 252, [77 S.Ct. 722, 1 L. Ed.2d 810], and Schware v. Board of Bar Examiners, 353 U.S. 232 [77 S.Ct. 752, 1 L.Ed.2d 796], to sit in judgment on Louisiana disbarments, and we are not in any event sitting in review of the Louisiana judgment. While a lawyer is admitted into a federal court by way of a state court, he is not automatically sent out of the federal court by the same route. The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom, in the present context, lawyers are included. * * * "

The limits of review referred to are violations, in the course of disbarment proceedings, of the due process or equal protection clauses of the Fourteenth Amendment, and a petition for a writ of certiorari to the Supreme Court of the United States is the only method by which review may be had. In re MacNeil, supra.

■ Furthermore, the federal courts have no jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties, including disbarment proceedings. In re Blake, 175 U.S. 114, 20 S.Ct. 42, 44 L.Ed. 94; In re Green, 141 U.S. 325, 12 S.Ct. 11, 35 L.Ed. 765; Biggs v. Ward, 7 Cir., 212 F.2d 209. See Daniels v. Thomas, 10 Cir., 225 F.2d 795, cert. denied 350 U.S. 932, 76 S.Ct. 303, 100 L.Ed. 815; Jones v. Medlock, 10 Cir., 180 F.2d 658, cert. denied 340 U.S. 819, 71 S.Ct. 50, 95 L.Ed. 602. The opinion of the Supreme Court in In re Green, supra, effectively disposes of Gately's prayer for relief by writ of mandamus.

■■ With respect to the prayer for damages, it is clear that in the disbarment proceeding the Supreme Court of Colorado was acting within its statutory power, and the proceedings were within the jurisdiction of that Court. This Court has said in a number of cases that judges, when performing their official

---

1. The prayer of the petition reads:
    "WHEREFORE your Petitioner respectfully prays that this Court forthwith enter an order of Mandamus directed to the members of the Supreme Court of Colorado, Defendants herein, and correct the error of the Supreme Court of Colorado by its Writ of Mandamus and order that Court to expunge the order of suspension entered October 31, 1960, Ex. F. and the order of disbarrment [sic] of July 24, 1961, restraining the Petitioner herein from the practice of law, and award damages to your Petitioner as prayed herein in the sum of $500,000.00."

duties in matters within their jurisdiction, are immune from liability for damages for any alleged violation of the Civil Rights Act. Kostal v. Stoner, 10 Cir., 292 F.2d 492, cert. denied 369 U.S. 868, 82 S.Ct. 1032, 8 L.Ed.2d 87; Spriggs v. Pioneer Carissa Gold Mines, Inc., 10 Cir., 251 F.2d 61, cert. denied 356 U.S. 950, 78 S.Ct. 914, 2 L.Ed.2d 843; Ryan v. Scoggin, 10 Cir., 245 F.2d 54. See Bottone v. Lindsley, 10 Cir, 170 F.2d 705, cert. denied 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101.

Affirmed.