John J. SPRIGGS, Sr., Appellant
(Plaintiff below),

v.

PIONEER CARISSA GOLD MINES, INC.,
a Corporation, Rocket Mining Company,
Inc., a Corporation, H. H. Hime, Alleged
Receiver of the Midwest Mines Corpora-
tion, Fidelity and Deposit Company of
Maryland, a Corporation, and United
States Fidelity and Guaranty Company, a
Corporation, Appellees (Defendants below).

John J. SPRIGGS, Relator,

v.

DISTRICT COURT OF the SEVENTH JU-
DICIAL DISTRICT IN AND FOR FRE-
MONT COUNTY, Wyoming, and Donald J.
Harkins and T. C. Daniels, Judges Presid-
ing, Respondents.

Nos. 3097, 3091.

Supreme Court of Wyoming.

Jan. 24, 1963.

John J. Spriggs, Sr., Lander, pro se.

W. J. Nicholas and Arthur E. Oeland,
Lander, G. L. Spence, Riverton, for appel-
lees in No. 3097.

W. M. Haight, Deputy Atty. Gen., Cheyenne, for respondents in No. 3091.

Before McINTYRE, J., and THOMPSON, BENTLEY and GUTHRIE, District Judges.

PER CURIAM.

Case No. 3091 involves a petition filed directly in the supreme court entitled "Petition for Writ of Supervisory Control and Complaint." It will be referred to later. Case No. 3097 has to do with an appeal from an ejectment suit which was dismissed in district court on a motion for summary judgment. The suit was brought by John J. Spriggs, Sr., and relates to certain mining property in Fremont County. The basis for dismissal was res judicata. The motion for dismissal set forth several suits which had been resolved against Spriggs and his predecessors in title involving the same property.

Nothing is offered on appeal which could prevent application of the doctrine of res judicata, except Spriggs claims the issues are different in that he obtained quitclaim deeds from Federal Gold Mining Company and from the executors of the estate of John C. Spry, deceased, subsequent to one of the decisions, namely the 1936 decision of this court in Tibbals v. Graham, 50 Wyo. 277, 61 P.2d 279, rehearing denied 62 P.2d 285, hearing denied 51 Wyo. 350, 66 P.2d 1048.

The record however discloses that a later suit was brought by Spriggs and Federal Gold Mining Company involving the same subject matter, under district court civil case No. 7521. In that action the order on pretrial conference, entered October 31, 1953, set forth a simplification of the issues based upon the pleadings and agreement of the parties. It recited, among other things, that plaintiff-Spriggs contends he is the owner in fee simple of the property in question under and by virtue of a quitclaim deed from Federal Gold Mining Company dated February 20, 1950 and by virtue of a quitclaim deed from the surviving executors of the estate of John C. Spry, deceased, dated February 20, 1950.

Thus, it is apparent Spriggs' additional claim of title was acquired prior to and asserted in case No. 7521. This later case was also resolved against Spriggs. It became final with the dismissal of appeal in Federal Gold Mining Company v. Pioneer Carissa Gold Mines, 74 Wyo. 414, 289 P.2d 643, motion denied 75 Wyo. 170, 293 P.2d 923.

Subsequent to the disposal of case No. 7521, Spriggs brought original proceedings on a writ of prohibition to this court. In that action he sought to prohibit the district court from holding in receivership the property previously involved in his ejectment suits. The prohibition proceedings are reported in State ex rel. Spriggs v. District Court of Seventh Judicial District in and for Fremont County, 76 Wyo. 128, 301 P.2d 550.

In the case at bar, the trial judge made findings quoting specifically from the supreme court decision in the prohibition case. He did not indicate the motion for summary judgment was being granted on the basis of the 1936 decision in Tibbals v. Graham.

In State ex rel. Spriggs v. District Court, supra, 301 P.2d at 554, this court held that Spriggs is not the owner and has no right to possession of the property in controversy; that Pioneer Carissa Gold Mines, Inc., is the owner and has the right of possession; that the plea of res judicata must be sustained; and that Spriggs "is estopped" to claim ownership or possession of the property in controversy.

█ .It is apparent then, under the clear language of the decision just mentioned, that Spriggs is completely debarred from the assertion of a claim of ownership or possession in the property here involved. Rule 56(c), Wyoming Rules of Civil Procedure, directs that the judgment sought "shall be rendered forthwith" if there is no genuine issue of any material fact and if the moving party is entitled to judgment as a matter of law. Not only was it the duty

of the district court to grant the summary judgment which it did grant, but it would have been justified in dismissing Spriggs' complaint sua sponte. See Myers v. Polk Miller Products Corp., 201 F.2d 373, 376, 40 CCPA 739; Solomon v. Walton, 109 Cal. App.2d 381, 241 P.2d 49, 52; Clark v. Utah Const. Co., 51 Idaho 587, 8 P.2d 454, 459; and Dippel v. Brunozzi, 365 Pa. 264, 74 A.2d 112, 115.

Parties named as defendants in the present litigation request us to take appropriate action against the claimant to prevent further vexatious and oppressive litigation. They point to the last Spriggs case, 301 P. 2d at 554, where the court reviewed seven different judicial proceedings, in which it had been decided Spriggs and his grantors are not owners of the property in controversy, and said: "That is more than enough. A further attempt to try to claim ownership of the foregoing property is a grave abuse of the judicial process."

■ It is suggested either that an injunction should issue to prevent plaintiff from litigating this matter further or that he should be adjudged guilty of contempt of court. Of course there can be no doubt that a willful abuse of legal process is a contempt, and there is good authority for the previous pronouncement to the effect that further attempts to assert ownership would be such an abuse. For example, in Mendel v. Berwyn Estates, 109 N.J.Eq. 11, 156 A. 324, 326, the Court of Chancery of New Jersey emphasized that instituting repeated suits for the same cause is not only grossly oppressive to the adversary but an imposition on the court. Persistence in such conduct, the court said, would result in punishment for contempt.

In Brack v. Bar Ass'n of Baltimore City, 185 Md. 468, 45 A.2d 102, 105, it was said to bring or prosecute unauthorized or fictitious suits is an obstruction of justice and a contempt of court. See also 17 C.J.S. Contempt § 10, p. 12.

■ Generally speaking, contempts of court are classified as either direct or constructive, the latter being dependent upon whether the contemptuous conduct is committed in the presence or out of the presence of the court. Demetree v. State ex rel. Marsh, Fla., 89 So.2d 498, 501; Galyon v. Stutts, 241 N.C. 120, 84 S.E.2d 822, 825–826; Fienup v. Rentto, 74 S.D. 329, 52 N.W.2d 486, 488; Ex parte Hennies, 33 Ala.App. 377, 34 So.2d 22, 25–26. A thorough discussion of direct contempts was made in Application of Stone, 77 Wyo. 1, 305 P.2d 777, 784–788, certiorari denied Stone v. State of Wyo., 352 U.S. 1026, 77 S.Ct. 593, 1 L.Ed.2d 598, rehearing denied 353 U.S. 943, 77 S.Ct. 818, 1 L.Ed.2d 764.

■ Whenever there is doubt as to whether the alleged contempt is direct or constructive, the doubt should be resolved in favor of it being constructive. Ex parte Hennies, supra; 17 C.J.S. Contempt § 4, p. 6. And, in order to punish for a constructive contempt, the offending party should have notice of the nature of the charge against him and be given an opportunity to answer and defend himself. That is generally done by a rule to show cause or such other process as would meet the requirements of due process. This rule was followed in the Galyon case, the Fienup case and the Hennies case, all of which are cited above.

As to the suggested injunction, this remedy is often employed to restrain an unsuccessful claimant from bringing further suits. Clinton v. United States, 9 Cir., 297 F.2d 899, 901–902; Lane v. Rushmore, 123 N.J. Eq. 531, 198 A. 872, 879, affirmed 125 N.J. Eq. 310, 4 A.2d 55 (Err. & App.), certiorari denied Rushmore v. Lane, 307 U.S. 636, 59 S.Ct. 1033, 83 L.Ed. 1818; and 50 C.J.S. Judgments § 739, p. 243. However, no application for injunction was made in this case, and as far as we know, the matter of contempt was not raised in the trial court.

■ It is true the much-sued defendants ask us for and doubtless they need protection. Nevertheless, in view of the fact plaintiff did not have an opportunity to be heard and to defend below in connection

with the request of defendants, and in view of the further fact that only one of the regular members of the supreme court is sitting on this case, we prefer to take no affirmative action on our own initiative in connection with either the matter of an injunction or contempt citation.

The only additional thing we need to dispose of is the petition for writ of supervisory control. It asks that we exercise supervisory control over district judges and require them to vacate the summary judgment which we have been discussing. The petition is predicated upon a claim that the ordinary appeal process does not afford relator an adequate remedy because of the time involved in appeals.

Since the petition was filed, the appeal has matured and is now being disposed of. Matters involved in the petition are therefore moot and we do not need to discuss them.

The summary judgment appealed from in case No. 3097 will be affirmed, and the petition for writ of supervisory control in case No. 3091 will be denied.

Affirmed and writ denied.