**F. Leland JONES, Plaintiff,**

**v.**

**Fred B. HULSE, General Chairman of Bar Committees of Missouri Bar Administration**

**and**

**Forrest M. Hemker, C. Wallace Walter, Clyde J. Linde, James M. Reeves, Members of the Advisory Committee of the Missouri Bar Administration, Defendants.**

**No. 66 C 357(1).**

United States District Court
E. D. Missouri, E. D.
April 11, 1967.

**38**

Charles F. Hamilton, St. Louis, Mo., and F. Leland Jones, Associate Counsel pro se, for plaintiff.

D. Jeff Lance and Frederick H. Mayer, St. Louis, Mo., for defendants.

HARPER, District Judge.

## MEMORANDUM OPINION

This matter is before the court on the defendants' joint motion to dismiss the plaintiff's second amended complaint, or for summary judgment.

The motion has been submitted on briefs of the parties and oral argument.

On January 10, 1966, the Supreme Court of the State of Missouri, after an extensive hearing had been held before a special commissioner, entered a mandate suspending the plaintiff's license to practice law in the State of Missouri for a minimum period of three years.

On February 15, 1966, the Supreme Court of Missouri stayed the said mandate for a period of ninety days to allow the plaintiff to petition the Supreme Court of the United States for a writ of certiorari. On May 13, 1966, the plaintiff petitioned the Supreme Court of the

United States for a writ of certiorari. On May 17, 1966, the Supreme Court of the United States ordered a stay of the said mandate pending their consideration of the plainiff's petition for a writ of certiorari, and on October 12, 1966, the plaintiff's petition was denied.

Thereafter, on October 14, 1966, the plaintiff brought the present action, and on the same day the Supreme Court of Missouri stayed the said mandate until further notice—presumably until the outcome of the present action.

The second amended complaint is in two counts and contains the following jurisdictional allegation:

"3. As hereinafter more fully appears, this action arises under the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act, 42 USCA sec. 1983; the amount in controversy, exclusive of interest and costs, exceeds the value of Ten Thousand Dollars ($10,000.00); by reason of the facts stated in this paragraph 3, this Court has jurisdiction over the subject matter of this action; and this action is brought under the provisions of 28 USC secs. 1331 and 1343."

Count I of the second amended complaint alleges, in substance, that certain of the plaintiff's Federal constitutional rights were violated in the proceedings leading up to the mandate of the Supreme Court of Missouri suspending the plaintiff's license to practice law in the State of Missouri; and that because of said alleged constitutional violations the defendant Hulse, as General Chairman of the Bar Committee of the Missouri Bar Administration, and the defendants Hemker, Walter, Linde and Reeves, as members of the Advisory Committee of the Missouri Bar Administration, should be enjoined from initiating, taking or participating in any action through the Advisory Committee or any circuit bar committee of the Missouri Bar Administration to enforce the said mandate of the Supreme Court of Missouri.

Count II is identical to Count I except that it prays for an order enjoining the

defendant, Marion Spicer, as clerk of the Supreme Court of Missouri, from delivering, mailing, issuing, or otherwise publishing or causing the delivery, mailing, issue, or other publication of the said mandate of the Supreme Court of Missouri.

The present motion sets forth various grounds for dismissal of the plaintiff's second amended complaint, among which is lack of jurisdiction over the subject matter. For reasons hereinafter stated, this court need consider only the issue of lack of jurisdiction.

■ It is well settled that Federal courts do not have jurisdiction to review an order of a state court disbarring an attorney in that state for personal and professional misconduct. In the Matter of the Disbarment of Rhodes, 370 F.2d 411 (CA8); Clark v. State of Washington, 366 F.2d 678 (CA9); Gately v. Sutton, 310 F.2d 107 (CA10); Howard v. United States District Court for the District of Colorado, 318 F.2d 521 (CA10); and Keeley v. Evans, 271 F. 520 (CA9), App. dismissed 257 U.S. 667. See also Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585; and Theard v. United States, 354 U.S. 278, 1. c. 281, 77 S.Ct. 1274, 1 L.Ed.2d 1342, where the Supreme Court said, in part:

> "It is not for this Court, except within the narrow limits for review open to this Court, as recently canvassed in Konigsberg v. State Bar of California, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810, and Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796, to sit in judgment on Louisiana disbarments, and we are not in any event sitting in review of the Louisiana judgment."

The plaintiff contends that this court should take jurisdiction over the present controversy by either viewing the action as an original civil action under the Civil Rights Act, 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343, or by viewing it as an original equitable action under 28 U.S. C.A. § 1331.

The plaintiff's contention is without merit. Regardless of the label that the plaintiff is attempting to put upon the present action, it is obviously nothing more than an attempt to have this court review the mandate of the Supreme Court of the State of Missouri suspending the plaintiff's right to practice law in Missouri. Furthermore, were this court to take jurisdiction over the present case as an original civil suit, it would not only have to review the action taken by the Supreme Court of Missouri, but it would also have to review the action of the Supreme Court of the United States in dismissing the plaintiff's petition for a writ of certiorari.

■■ The fact that the present action is brought under the Civil Rights Act does not give this court jurisdiction over the subject matter as an original civil action. Gately v. Sutton, supra; Clark v. State of Washington, supra. The only method for the plaintiff to seek review of the decision by the Missouri Supreme Court suspending his license is to petition the Supreme Court of the United States for a writ of certiorari. Gately v. Sutton, supra. This the plaintiff has already done, and without success.

■ For the foregoing reasons, this court finds that it lacks jurisdiction over the subject matter in this action and the defendants' motion to dismiss the plaintiff's second amended complaint is sustained for lack of jurisdiction. The clerk of the court is hereby directed to enter an order dismissing the plaintiff's second amended complaint.