John J. POLJANEC, Appellant
(Plaintiff below),

v.

FREED FINANCE COMPANY OF WYOMING, Inc. and Ron Frame, Appellees (Defendants below),

George M. Nimmo, Sheriff of Sweetwater County, Wyoming, (Defendant below).

No. 3621.

Supreme Court of Wyoming.

April 26, 1968.

David Norman Burns, of Burns & Hunt, Jackson, for appellant, Gerald R. Mason, of Sievers & Mason, Pinedale, on the brief.

Robert L. Bath, Rock Springs, for appellees, Venta, Bath & Murray, Rock Springs, on the brief.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

John J. Poljanec filed an action in the district court of Sublette County for malicious and false arrest. The defendants, Freed Finance Company of Wyoming, Inc., and Ron Frame its manager, made a motion for summary judgment which the court allowed. Plaintiff-Poljanec has appealed.

The appellees claim their summary judgment should be upheld because:

1. The arrest of Poljanec was lawful as a matter of law.

2. The defendants sued are not proper parties to the action.

The record does not disclose why the trial judge gave summary judgment. He merely granted such judgment without stating reasons therefor.

Previous to the action we are concerned with, Poljanec had been sued on a debt by Freed Finance Company in Sweetwater County. He made no answer to the suit and default judgment was entered for Freed Finance. It is undisputed that Robert L. Bath, as attorney for the judgment creditor, thereafter obtained an *ex parte* order from

the district court in Sweetwater County requiring Poljanec to appear before a referee in Sweetwater County to answer interrogatories concerning his property.

Poljanec's affidavit in opposition to summary judgment states, among other things, that no notice was given to him of the application for order requiring him to appear before a referee; that Poljanec was and for several years had been a resident of Sublette County when default judgment was obtained against him in Sweetwater County; but that he was a resident of Teton County when the *ex parte* order for his appearance before a referee in Sweetwater County was obtained. It is also undisputed that Poljanec had no notice of the order for his appearance except that a copy was sent to him by attorney Bath, by certified mail. Appellant claims there is no provision by rule or statute for such service.

The affidavit in opposition to summary judgment further indicates Poljanec took the order received by him in the mails to his own attorney and was advised that, under the provisions of the statutes pertaining to a debtor's interrogatories, a judgment debtor who is not a resident of the county where judgment is entered can only be examined in the county of his residence.

In any event, it is apparent that Poljanec did not appear in Sweetwater County (a distance of some 200 miles) to answer interrogatories, and in consequence a purported order for his arrest was issued by the referee in Sweetwater County, again without notice to Poljanec. Pursuant to such order, as the affidavit asserts, the sheriff of Sweetwater County went into Teton County and arrested Poljanec at Jackson. He was transported from there to Green River, in Sweetwater County, and lodged in jail for a period of time. Afterwards he was compelled to submit to interrogatories of the appellees.

### Was Arrest Lawful?

The record before us shows that the proceedings against Poljanec to require his

answers to interrogatories were based on the provisions of §§ 1–411, 1–412, 1–413, 1–416 and 1–420, W.S.1957. Indeed, the writ of attachment or order for his arrest recited, "this attachment is issued by said Referee pursuant to Section 1–420, Wyoming Statutes 1957."

Section 1–416 provides that the judge may order a reference to a referee. No person except a judge is authorized to issue an order requiring the debtor to appear and answer concerning his property; and that authority, according to § 1–412, is authority to order the debtor to appear and answer at a place in the county "in which the debtor is found." We find no authority by statute or rule which authorizes a district judge to issue an order for the debtor to appear and answer in a county other than the county of his residence or county in which he is found.

Section 1–413 is the section which authorizes a warrant for arrest, but such action is limited to cases where the judgment debtor is about to leave the state or conceal himself. The section expressly states that the warrant of arrest can be issued only by a judge of the district court of a county in which the debtor is found, and the sheriff can execute it only within that county.

Appellees attempt to justify the order purporting to require Poljanec, a resident of Teton County and not found in Sweetwater County, to appear and answer in Sweetwater County by citing Rule 69, W.R. C.P., which specifies a judgment creditor may examine the judgment debtor "in the manner provided in these rules for taking depositions."

However, the proceedings against Poljanec as a judgment debtor were not initiated by a notice as required for the taking of depositions, and in other respects the procedure followed bore no similarity to the procedure for taking depositions. There is nothing stated or contemplated in the rules pertaining to depositions which would allow the arrest of a judgment debtor outside the county of his residence. As

far as Rule 69 is concerned, it fails to provide for arrest when a party fails to appear for a deposition.

Sections 1–276 to 1–305, W.S.1957, pertain to civil arrest and bail and provide certain restricted circumstances under which a defendant in a civil action may be arrested before judgment. Section 1–282, which was § 3964 in R.S. 1899, states "but an order of arrest shall not be issued to any other than the county in which the action is brought."

This court, in Ahlrep v. Hughes, 18 Wyo. 51, 102 P. 659, construed § 3964 of R.S. 1899 and said the order of arrest there involved was a process in a civil action and could be executed only by the sheriff of the county in which the action was brought "only within that county." It was specifically pointed out that the order of arrest was unlike a warrant in a criminal case which the officer may serve in any county of the state.

■ The action we are concerned with is likewise a civil action, and the order for Poljanec's arrest was a process in a civil action. It was unlike a warrant in a criminal case which may be executed in any county of the state. In the absence of a statute or rule of procedure authorizing the order for Poljanec's arrest to be executed in a county other than the county where the action was brought and the order issued, we do not think we should extend such authority by judicial edict.

Section 1–413, W.S.1957, which authorizes an arrest under certain circumstances, is so limited in its scope and was so grossly violated in Poljanec's case that we think we should number and point out some of the requirements which were ignored:

■ 1. The judge (not referee as used in Poljanec's case) is authorized, upon proof in writing that there is danger of the debtor leaving the state or concealing himself, to issue a warrant for arrest. There is no showing that such proof was made and no showing that Poljanec was in fact about to leave the state or conceal himself.

■ 2. The warrant is to require the sheriff to arrest and bring the debtor before the judge (not before the referee as was required in Poljanec's case). There is authority for the proposition that the sheriff, under similar statutes, has no authority to imprison the debtor in the county jail, even temporarily, during the period the judge would not be at his office. Haglund v. Burdick State Bank, 100 Kan. 279, 164 P. 167, 169. Poljanec was lodged in the county jail for a period of one day.

■ 3. We have already pointed out that the warrant can be issued only by a *judge* of the district court of a county in which the debtor is found. The pretended warrant here was issued by a *referee* of the district court of a county where Poljanec neither resided nor was found.

■ 4. In executing the warrant, the sheriff is required to deliver to the debtor a copy of the warrant *and* of the testimony on which it issued. The sheriff's return does not indicate a copy of such testimony was delivered. In fact, it is quite apparent that proof in writing as required by the statute had not been made.

5. The debtor, when brought before the judge (not referee), is to be examined. If it appears from this examination that there is danger of the debtor leaving the state or that he has property which he unjustly refuses to apply to the judgment, he may be ordered to enter into an undertaking with surety. It is only in default of such undertaking that the debtor may be committed to the county jail, and then only by warrant of the judge not referee, as for contempt.

### Contempt Considerations

■ The order for Poljanec's arrest was predicated on the proposition that he stood in contempt of court for failure to appear and answer as ordered to do. It is argued that regardless of whether the order to appear and answer was properly issued, Poljanec should nevertheless have complied with it and then appealed therefrom. There would be both authority and reason for this argument if the order is considered merely

irregular or improvidently issued. See Begley v. Nall, 62 Wyo. 254, 166 P.2d 466, 469; Laramie National Bank of Laramie City v. Steinhoff, 7 Wyo. 464, 53 P. 299, 302; and 17 Am.Jur.2d Contempt § 47, p. 51.

However, we are cited no authority for saying Poljanec would be in contempt of court for noncompliance with the order if the order is considered wholly invalid and void. In Wunnicke v. Leith, 61 Wyo. 191, 157 P.2d 274, 277, this court said a judgment which is wholly void is in legal effect a nullity. And in Emery v. Emery, Wyo., 404 P.2d 745, 749, we distinguished between an invalid judgment and one which is merely voidable or erroneous.

We have already indicated that Poljanec was arrested in Teton County, taken into Sweetwater County and lodged in jail, and afterwards compelled to submit to interrogatories. In order for him to be arrested and brought into court and compelled to answer interrogatories concerning his property, the provisions of § 1–413, W.S.1957, which we have already discussed, should have been followed. The warrant for arrest, however, recited that it was issued pursuant to § 1–420. That section provides:

"If a person, party or witness disobey an order of the judge or referee, duly served, he may be punished as for contempt; and such judge or referee may enforce, order and punish for contempt, in like manner as justices of the peace."

What was done with Poljanec makes it clear that he was arrested for the purpose of examining him and not for the purpose of punishing for contempt as contemplated in § 1–420. Certainly the proceedings against him, if thought of as proceedings aimed at punishment for contempt, do not meet the standards of due process of law.

In Spriggs v. Pioneer Carissa Gold Mines, Inc., Wyo., 378 P.2d 238, 240, cert. den. 375 U.S. 855, 84 S.Ct. 117, 11 L.Ed. 2d 82, reh. den. 375 U.S. 936, 84 S.Ct. 334, 11 L.Ed.2d 268, we distinguished between contempts of court which are direct and those which are constructive and said, in

order to punish for a constructive contempt, the offending party should have notice of the nature of the charge against him and be given an opportunity to answer and defend himself. That, we said is generally done by a rule to show cause or such other process as would meet the requirements of due process.

Even if it were considered that a contempt was committed in this case, when Poljanec failed to appear and answer interrogatories in Sweetwater County, such contempt would be classified as a constructive contempt because it was not committed in the presence of the court. Spriggs, supra, 378 P.2d at p. 240. And it is clear from the record that Poljanec, prior to his arrest, did not have notice of the nature of the charge against him. Also he was afforded no opportunity to answer and defend himself against the charge of contempt prior to his arrest.

### Matter of Parties

When appellees made their motion for summary judgment, they did not assign grounds or reasons for the motion. Instead, they merely stated the pleadings and affidavits show defendants are entitled to judgment as a matter of law. There is nothing in the record before us which would indicate that the trial court has considered and passed upon the question of whether Freed Finance and Ron Frame are proper parties to the suit brought by Poljanec.

Damages against Freed Finance and Ron Frame are claimed by Poljanec, and we fail to see how those affidavits in support of the motion for summary judgment are sufficient to eliminate the factual question of whether the defendants caused Poljanec's arrest. Also, we fail to see wherein defendants' affidavits are sufficient to eliminate the factual question of whether elements necessary for a case of false arrest and false imprisonment were present, if the finder of fact finds the defendants did cause the arrest.

Defendants' affidavits in support of their motion simply do not deal with these factual

matters. In short, we think there are genuine issues as to material facts to be tried and summary judgment should not have been granted.

■ Before concluding our opinion, however, we need to comment only briefly on an argument made by appellees to the effect that the arrest of Poljanec was proper because he was an officer and sole stockholder of Rambler Corner, Inc., which was one of the judgment debtors and which appellees claim had its place of residence in Sweetwater County.

■ The argument is without merit because all judgment-debtor proceedings were directed to and named Poljanec as an individual and not as an officer or stockholder of Rambler Corner, Inc. The order to appear and answer did not request or demand any examination as to corporate assets. Moreover, Poljanec's affidavit states that Rambler Corner, Inc., had become defunct; that its charter had been cancelled; that it was without assets and was in no way in business or active in affairs in any manner since prior to the institution of suit by Freed Finance on its debt against Poljanec. And of course, for purposes of considering the summary judgment which was adverse to Poljanec, we must assume his statements to be true.

Case reversed and remanded for trial.